FILED
U.S. DISTRICT COURT
2007 JUL -5 P 2: 14
RClark

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RICHARD E. TRICE,

Petitioner,

v.

JOSE M. VAZQUEZ, Warden,

Respondent.

CIVIL ACTION NO.: CV207-027

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Richard Trice ("Trice"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent has filed a Response, and Trice filed a Traverse. For the reasons which follow, Trice's petition should be **DENIED**.

**STATEMENT OF THE CASE**

Trice was sentenced in the Middle District of Georgia on October 29, 1992, to 120 months' imprisonment. In the instant petition, Trice asserts he is entitled to credit against his federal sentence from November 9, 1992, through August 13, 2005. Respondent alleges the Bureau of Prisons ("BOP") has credited Trice with all of the time he is entitled to receive against his federal sentence.

**DISCUSSION AND CITATION OF AUTHORITY**

Trice contends his federal sentence started running on December 2, 1991, the date he was served with a copy of a federal detainer. Trice avers the BOP unlawfully

denied him credit for ten (10) years he spent in State prison on charges related to the offense for which he was convicted in federal court. Trice asserts his State and federal sentences should have run concurrently, which he contends is authorized by § 5G1.3 of the United States Sentencing Guidelines.

Trice committed certain offenses in the State of Georgia on November 29, 1990. Trice was arrested on December 5, 1990, and he was convicted on February 1, 1991; Trice was sentenced to 15 years' imprisonment. While Trice was serving his State sentence, he was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum on October 3, 1991. Trice was returned to the custody of the Georgia Department of Corrections on February 2, 1992. Trice was again taken into federal custody on a writ on May 14, 1992. (Resp., p. 7). Trice was sentenced to 120 months' imprisonment in the Middle District of Georgia on October 29, 1992, and the Honorable Duross Fitpatrick noted Trice's federal custody was to begin upon his release to federal authorities.[1] (Gov't's' Ex. 2, pp. 1-2). The United States Marshals Service ("Marshals Service") returned Trice to the custody of the State of Georgia on November 10, 1992. Trice completed his Georgia sentences, and the Georgia Department of Corrections released him on parole on October 11, 2005. On October 28, 2005, the Marshals Service took Trice into custody.

It is the duty of the United States Attorney General, acting through the BOP, to determine the amount of credit due for the time served by a defendant prior to sentencing. 18 U.S.C. § 3621; United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct.

[1] Trice was convicted in federal court of possession of a firearm shipped in interstate commerce by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The offense date is listed as November 29, 1990, which indicates Trice's federal offense occurred in conjunction with his State offenses. (Gov't's Ex. 2, p. 1).

AO 72A
(Rev. 8/82)

1351, 1355, 117 L. Ed. 2d 593 (1992). Program Statement 5880.28 "transmits the 'Sentence Computation Manual' which establishes the policies and procedures for the computation of sentences imposed for violations of the United States Code." Program Statement 5880.28, ¶ 1. This Program Statement provides that 18 U.S.C. § 3585(a) establishes the rule for the commencement of a sentence. It also provides that 18 U.S.C. § 3585(b), which deals with "credit for prior custody," is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act. Program Statement 5880.28, p. 1-14. These statutes provide:

> (a) Commencement of sentence. - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (Emphasis added). In determining the proper credit, a two part analysis is helpful. First, it must be determined when the sentence commenced. A sentence "cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served." United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980); see also, Program Statement 5880.28, p. 1-13 (stating that a federal sentence of imprisonment cannot commence earlier than the date on which it is imposed).

In the instant case, Trice's federal sentence commenced on October 28, 2005, the date he was taken into federal custody.[2] Next, it must be determined what credit is due for time served prior to the commencement of his federal sentence. The court must begin with the plain language of the statute itself. See Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) (en banc) ("We begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."); United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998). Section 3585(b) clearly states that, in some circumstances, a defendant is entitled to credit for time served prior to sentence commencement *unless* that time has been credited against another sentence.

The Bureau of Prisons credited Trice with time from December 5, 1990 (the day he was arrested), until January 9, 1991 (the day before his State of Georgia sentence began). (Resp., p. 8; Gov't's Ex. 6, p. 2). Trice received credit from the State against his State sentence from January 10, 1991, until the day he was released from State custody, October 11, 2005. Trice is not entitled to receive credit against his federal sentence[3] for any time between January 10, 1991, and October 10, 2005, for so doing would result in his receipt of "double credit." See 18 U.S.C. § 3585(b).

---

[2] "Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders . . . that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Judge Fitzpatrick specifically noted Trice's federal sentence of 120 months' imprisonment was to begin upon his release to federal authorities. (Gov't's Ex. 2, p. 2). Thus, a *nunc pro tunc* designation to permit Trice's federal sentence to run concurrently with his State sentence is not warranted.

[3] A federal sentence does not commence when a federal defendant is produced by a state for federal prosecution by means of a writ of habeas corpus ad prosequendum; state authorities retain primary jurisdiction over the defendant until the state releases the defendant on satisfaction of the state obligation. Del Guzzi v. United States, 980 F.2d 1269, 1271 (9th Cir. 1992). Under this scenario, federal authorities

## CONCLUSION

Accordingly, it is my **RECOMMENDATION** that Trice's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 5th day of July, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

are merely borrowing the defendant, and he is in "temporary" custody of federal authorities. See United States v. Mauro, 436 U.S. 340, 348, 98 S. Ct. 1834, 1841, 56 L. Ed. 2d 329 (1978). Even though Trice was prosecuted in federal court during the time he was serving his State sentence, his federal sentence did not commence until he was released from the State of Georgia's custody. (See Gov't's Ex. 1, p. 1).